FILED
CLERK, U.S. DISTRICT COURT
JULY - 5 2022
CENTRAL DISTRICT OF CALIFORNIA
BY: RS DEPUTY

1  **ROBERTO LEVERON #218596**

2  **SANTA ANA JAIL M-88**

3  **PO BOX 22003**

4  **SANTA ANA, CA 92702**

5

6  **UNITED STATES DISTRICT COURT**

7  **CENTRAL DISTRICT OF CALIFORNIA**

8  **ROBERTO LEVERON**          ) **CASE #**  **8:22-CV-01267-RGK-MAR**

9                **PLAINTIFF**     ) **COMPLAINT FOR DAMAGES**

10 **VS.**                          ) **PURSUANT TO**

11 **CITY OF SANTA ANA, ET AL**   ) **TITLE 42 USC 1983**

12 _____**DEFENDANTS**___)

13

14

15                    **JURISDICTION**

16  1. This court has jurisdiction under 28 USC 1331. Federal Question jurisdiction

17     arises pursuant to 42 USC 1983.

18

19                       **VENUE**

20

21  2. Venue is proper pursuant to 28 USC 1391 because the events giving rise to this

22     complaint happened in this district.

23

24                      **PARTIES**

25

26  3. PLAINTIFF, ROBERTO LEVERON, incarcerated in SANTA ANA JAIL,

27     Santa Ana, California.

4. DEFENDANT, SANTA ANA JAIL, Santa Ana Jail, California. Sued in official capacity.

5. DEFENDANT, CITY OF SANTA ANA, Santa Ana, California. Sued in official capacity.

6. DEFENDANT, NAPHCARE, Santa Ana Jail, California. Sued in individual capacity. NAPHCARE provides medical and dental care for the inmates housed at SAJ.

7. DEFENDANT, SUPERVISOR MANRIQUEZ, Santa Ana Jail, California. Sued in official and individual capacity.

8. DEFENDANT, SUPERVISOR PEREZ, Santa Ana Jail, California. Sued in individual capacity. Perez is supervisor, disciplinary officer, and is supervisory grievance officer.

9. DEFENDANT, SUPERVISOR MONREAL, Santa Ana Jail, California. Monreal is supervisor and routinely handles grievances and requests during her shifts.

10. DEFENDANT, SUPERVISOR JIRON, Santa Ana Jail, California. Sued in individual capacity. Jiron is in charge of SAJ security and routinely handles grievances.

11. DEFENDANT, CLASSIFICATION STAFF, RODRIGUEZ, Santa Ana Jail, California. Sued in individual capacity.

12. DEFENDANT, SUPERVISOR BADGE #2475, Santa Ana Jail, California. Sued in individual capacity.

13. DEFENDANT, SUPERVISOR S. RIVERA, Santa Ana Jail, California. Sued in individual capacity.

14. DEFENDANT, OFFICER ORNELAS, Santa Ana Jail, California. Ornelas is the floor officer.

1  15. DEFENDANT, OFFICER C. FERNANDEZ, Santa Ana Jail, California. Sued
2      in individual capacity.
3  16. DEFENDANT, OFFICER GRIJALVA, Santa Ana Jail, California. Sued in
4      individual capacity.
5  17. DEFENDANT, UNIDENTIFIED MEDICAL STAFF, Santa Ana Jail,
6      California.
7  18. DEFENDANT, NURSE RR, Santa Ana Jail, California. Sued in individual
8      capacity.
9  19. DEFENDANT, CC NURSE MANAGER, Santa Ana Jail, California. Sued in
10     individual capacity. CC Nurse Manager handles medical and dental grievances
11     on behalf of NAPHCARE and SAJ.

12                     **<u>ADMINISTRATIVE REMEDIES</u>**

13

14  20. I have exhausted administrative remedies as required by law.

15

16                         **<u>STATEMENT OF FACTS</u>**

17

18  21. I have been incarcerated for 78 months.
19  22. I speak very little English. My primary language is Spanish. I cannot read or
20     write English.
21  23. The law library at SAJ does not provide Spanish language materials.
22  24. NAPHCARE provides medical care for SAJ.
23  25. SAJ policy is to not allow inmates to possess medical records.
24  26. SAJ does not have any doctors on its staff, does not have adequate medical care,
25     the medical staff are not licensed to provide the care they provide here, and the
26     medical staff are not trained to provide emergency medical care. SAJ policy is

1    to not allow the transfer of inmates to an outside emergency medical facility.

2    They do not provide dental treatment.

3    27. Medical staff at SAJ provide medical care, evaluations, and diagnoses, they are

4    not trained nor licensed to provide.

5    28. SAJ does not have any doctors on its staff, does not have adequate medical care,

6    the medical staff are not licensed to provide the care they provide here, and the

7    medical staff are not trained to provide emergency medical care. SAJ policy is

8    to not allow the transfer of inmates to an outside emergency medical facility.

9    29. Since my incarceration, I have not been allowed to see a dentist, speak to a

10    dentist, or been evaluated by a dentist.

11    30. Since my arrival at SAJ, I have not seen a doctor, spoken to a doctor, or been

12    properly evaluated by a doctor. The nurses state that they can and will not do

13    anything for my dental problems.

14    31. On numerous occasions I have been denied emergency medical and dental care

15    that would have been provided to any other person with the same medical or

16    dental conditions I have, had I not been at SAJ.

17    32. Due to my medical and dental issues, any layperson would be able to come to

18    the conclusion that I needed emergency medical attention.

19    33. I have been in administrative segregation for over one year without a hearing.

20    This was not done for disciplinary reasons. I have requested from numerous

21    staff to grant me a hearing or less constrictive housing. I have requested this

22    from Perez, Jiron, Monreal, Rodriguez, and Manriquez.

23    34. On or about October 12, 2018, while incarcerated at San Bernardino County

24    Jail, I was battered by multiple deputies. This incident resulted in a neck, upper

25    back, and head injury. Due to this incident I was transferred to SAJ.

ROBERTO LEVERON VS. CITY OF SANTA ANA, ET AL
CASE #

35. In March 2019, I arrived at Santa Ana Jail (SAJ) as a pretrial detainee pending federal charges.

36. Since my arrival at SAJ, I have filed 100+ grievances. These grievances have been for a number of issues including requests for emergency medical and dental care, requests for legal assistance and law library access, lost legal mail, disciplinary appeals, staff complaints, and others. For most of these grievances staff has failed to return my initial copies.

37. These grievances are filed by the staff using a number system. The format is "GI#" followed by a four digit number.

38. On June 14, 2019, I filed a "NAPHCARE MEDICAL DEPARTMENT SICK CALL REQUEST-MANAGED BY TECHCARE" (sick call.) stating that I had stomach pains and nausea. I did not receive medical treatment.

39. On August 13, 2019, I submitted a sick call stating that I was still having stomach pains and nausea. I did not receive medical treatment.

40. On October 14, 2019, I filed GI# 2584 stating that I had not been receiving medical attention. The response stated that I can purchase pain medication from the commissary.

41. On November 5, 2019, I submitted a sick call due to the pain from my injury. I stated that I was having trouble sleeping because of the extreme pain, stating that I had not been receiving medical care. I stated that I had an infection in my throat which had pus. The initial response was done by CC Nurse Manager, which stated, "Scheduled to see medical. Please use sick call forms when needing to see medical." I never received medical attention.

42. On November 25, 2019, I wrote and mailed a letter to SAJ stating that I was being harassed and discriminated against by several officers here at SAJ and

1    the fact that I was not receiving responses to my grievances. I never received a

2    response to this letter although it was received by administration.

3    43. On October 1, 2020, I received a letter that back that I had mailed on April 6,

4    2020. This letter had sat in the SAJ mail room for six months. I submitted GI#

5    3194 that was forwarded to Jiron. This grievance was in regards to the legal

6    letter that was missing for six months as well as the other grievances that staff

7    fail to respond to. The response for the grievance in regards to my legal letter

8    was, "on 100520 at 1405 hours. I spoke with Leveron re this mail (sic). He

9    showed me a piece of mail he sent on 04/06/20. Per Leveron this piece of mail

10    was return (sic) to him on 10/01/20 for unknown reason. (sic) I can't explain

11    why." I never received any further responses to my grievance.

12    44. On January 26, 2021, I filed a sick call due to my ongoing stomach problems.

13    45. On January 28, 2021, I filed a sick call that stated that my pain medication was

14    not working, and that I continued to have severe neck pain, headaches, and

15    stomach pain that never goes away.  The response was, "there may be another

16    medical issue. We will put you on the list." I never received treatment.

17    46. On February 1, 2021, I filed GI# 3499, stating that I had been threatened with

18    bodily harm by Officer C. Audelo. In the grievance I asked Jiron to obtain the

19    SAJ surveillance video of this event, stating the exact day and time of the

20    incident. The response stated, "Incident will be reviewed." There was never any

21    investigation into this matter.

22    47. On February 13, 2021, I submitted a sick call stating that I was having pain to

23    the right side of my chest, liver pain, and bloated stomach. The response was,

24    "we will send your concerns to the provider." I never received medical attention

25    for this.

ROBERTO LEVERON VS. CITY OF SANTA ANA, ET AL
CASE #

48. On February 17, 2021, I filed GI# 3535, stating that I was again threatened by Audelo due to the grievance filed regarding her earlier threats against me. This grievance was forwarded to the supervisor and never responded to or investigated.

49. On February 24, 2021, I submitted a sick call due to my ongoing stomach problems. The response from medical staff stated that I need to drink lots of water.

50. On or about March and April 2021, Officer Ornelas began making sexual comments to me on several occasion. I reported these incidents to supervisors. On more than one occasion he asked me if I wanted to kiss. One another occasion, while I was working out inside of my cell, Ornelas attempted to come into my cell stating, "I'll show you how it's done." Each time I told him that I was not interested and that I am not homosexual. From then on, Ornelas continued to make sexual advances to me. He began taking retaliatory actions against me because I attempted to have him investigated and stop his sexual advances.

51. On March 30, 2021, I file GI# 3610, stating that Ornelas had been sexually harassing me. I provided the dates and times of the incidents so the supervisors could obtain the SAJ audio and video surveillance. S. Rivera responded that they would "review the incident and take action as needed". Rivera stated that no matter what they found they would never do anything to Ornelas. No investigation was ever conducted. Ornelas still works in my housing unit.

52. On March 31, 2021, I submitted a request for a Spanish language Title 15. The response from Badge # 2475 stated, "BSCC does not make a Spanish version of Title 15".

53.On April 12, 2021, I filed GI# 3642 stating that I had been receiving sexual harassment from Ornelas. He made several sexual comments to me on multiple occasions on multiple occasions. I asked the supervisors to obtain the audio and video surveillance regarding these incidents. No investigation into these matters was ever conducted.

54.On May 3, 2021, I submitted a sick call stating that I have been having sever mouth pain, toothaches, and an infection in my mouth. The response stated that I would be placed on the dental list. There is no dentist at SAJ. I have not seen a dentist since my arrival.

55.I have submitted dozens of sick call requests and grievances to obtain dental care. I have never received dental care here.

56.On July 9, 2021, I submitted a sick call stating that I still had not received treatment for my neck injury since my arrival despite the fact that I was sent here due to the injury. The response was, "Please fill out the release of information so we can get records related to your injury. Once we have the records the provider can review. Tylenol as needed x5 days. Also ask for your trazadone @ night for help sleeping."

57.Due to the continued pain and it causing me trouble sleeping, the nurse and NAPHCARE placed me on trazadone, which is a psychiatric medication. I did not report psych problems.

58.On July 11, 2021, I submitted a sick call stating that Tylenol was not helping my neck pain. The response was they would notify the provider.

59.On November 18, 2021, I submitted a sick call stating that I had severe stomach problems, pain, and constipation. Nurse RR refused to help me.

60.On November 21, 2021, I informed Nurse Jonathon that I still have extreme stomach pains that are not being treated. He did not help me.

61. On November 22, 2021, I filed GI# 4372 to Jiron stating that staff members have provided my personal information to other inmates. This puts my life at risk since I am in protective custody. Staff did this in retaliation. I asked for this matter to be investigated. I have seen staff do this to other inmates as well. An investigation was never done by Jiron. He is in charge of security so this is his duty.

62. On December 13, 2021, I filed a sick call due to my ongoing stomach problems.

63. On January 2, 2022, I notified medical that I had found out that my pain medication can cause stomach problems. The response was, "We will notify the provider."

64. On January 6, 2022, I submitted a sick call stating that I'm still in pain, have received no treatment, and can I see a doctor. The response stated, "Concern addressed to the provider. Is Tylenol helping at all?" although I have submitted dozens of sick call requests stating that I was in pain and Tylenol was not helping.

65. On January 24, 2022, I was speaking with Officer C. Fernandez. Fernandez was yelling at me and threatening me. I repeatedly asked Fernandez to stop.

66. On January 24, 2022, I was placed on disciplinary detention without due process by Perez. I did not receive a proper hearing. I remained on detention for a total of 9 days. This was done in retaliation for the incident with Fernandez. Due to this incident and the detention I filed GI# 4561. This grievance was never responded to and my detention was never reviewed.

67. On March 18, 2022, I sent a grievance to Manriquez, via USPS mail, stating that I had not received a complete response to any of my grievances.

68. On May 18, 2022, I filed GI# 4929, stating that the grievances are not being completed, I am being denied legal access, and this was preventing me from

1    getting the medical and dental attention I needed as well as preventing my

2    access to the courts to gain medical and dental attention.

3    69. Defendant, Perez, is also the supervisory grievance officer for SAJ. It is his duty

4    to handle and process all of the grievances here at SAJ.

5    70. Perez is also the disciplinary Hearing Officer. He handles the grievances for his

6    own disciplinary hearings.

7    71. City of Santa Ana, Santa Ana Jail, Manriquez, Perez, Monreal, and/or Jiron, do

8    not respond to the grievances, do not provide copies of grievances, and ignores

9    grievances so as to prevent my access to the courts, prevent my access to

10   medical and dental care, and to conceal misconduct by SAJ staff as reported in

11   my grievances.

12   72. These actions are done with illegal, sadistic, and malicious intent.

13   73. The customs and policy pertaining to the grievances, medical and dental

14   request, and inmate request forms cause staff here at SAJ to forward any

15   requests and grievances to Perez or Monreal because they know that Perez and

16   Monreal will deny these requests. This causes SAJ staff to deny legitimate

17   requests and grievances so that they don't have to do the work. Defendants

18   purposely prevent inmates from obtaining proper medical access, court access,

19   and legal access by preventing the proper use of the grievance system.

20   74. City of Santa Ana, SAJ, and supervisory staff have been made aware of the

21   misconduct and violations of constitutional law, federal and state and

22   departmental policy.

23   75. There is a culture of misconduct in SAJ that allows these actions to take place.

24   76. Manriquez, Perez, Monreal, and Jiron routinely discard grievances and do not

25   investigate officers and/or staff misconduct so as to cover up and suppress these

26   acts of misconduct.

77. Since my arrival, not one of the 100+ grievances I have filed has been completed according to departmental policy. I have not received a response to any of my grievances, not one of the 100+, from Perez, Jiron, Rodriguez, Monreal, or any other staff member.

78. I am currently housed in extremely restricted housing in administrative segregation. I am given very minimal time outside of my cell, not provided any legal assistance, and given minimal access to the phones.

79. The policy here is for us to receive three hours a week of outside recreation, as well as shower, phones, and access to the phone for legal calls as allowed by the penal code.

80. We are only allowed two phone calls per day regardless of how long these calls last. The maximum time for each call is 15 minutes. Our calls are routinely disconnected.

81. We are routinely denied full access to the recreation yard, legal phone calls, and showers as allowed by policy and law.

82. The procedure for obtaining a non-recorded legal call is that I must submit a request with the attorney's information to SAJ staff. They review the request and if they approve the request they will allow the non-recorded calls to the attorney listed in the request. However, even if these requests are approved, it can be several months before they are approved. This prevents me from obtaining legal consultations and/or speaking with my recently assigned criminal defense attorney by phone.

83. SAJ provides no means of legal assistance and refuses to assist me with the preparation of any of my legal materials for my criminal cases. This was told to me multiple times on inmate request forms. I have filed multiple grievances regarding this issue.

84. Upon the initial intake and booking procedures, I was interviewed by medical staff at SAJ. I notified medical staff of my condition. I informed medical staff that I was beaten by the deputies at the San Bernardino County Jail just prior to my transfer here. I informed them that I had a neck injury and had severe neck and upper back pain as well as very bad headaches. Medical staff asked me to sign the medical records release forms for each facility that had treated me for my condition. I filled out and signed the required forms for SAJ and NAPHCARE to obtain my medical records.

85. Since my arrival at SAJ I have not spoken to a doctor, been seen by a doctor, been evaluated by a doctor, or provided any emergency medical or dental care despite my life threatening and increasingly painful conditions.

86. All defendants in this complaint are in contracts to provide services for my medical care and pretrial detention. The defendants are in breach of these contracts.

87. The pain medication I have been placed on for several years now by medical staff, the manufacturer of the medication, Johnson and Johnson, states that the medication should not be taken for more than ten days. It can cause ulcers of the stomach, permanent liver damage, and even death. The staff refuses me any other medical treatment.

88. I am in imminent danger of serious injury.

## CLAIM I

89. Defendants City of Santa Ana, Santa Ana Jail, NAPHCARE, Perez, Manriquez, Unidentified Medical Staff, RR, and CC Nurse Manager, violated my 8th amendment right with deliberate indifference to my medical needs by knowingly and willingly refusing to provide me medical care, emergency medical care, prescribed medications, and refusing allow me access to said care.

1   Defendants prevented me from obtaining medical care, interfered with
2   prescribed medical care, failed to provide adequate staff, failed to provide
3   qualified staff, maintain policies that interfere with adequate medical care, fail
4   to remedy unlawful conditions that they are aware of, fail to carry out their
5   responsibilities to make adequate medical care available, and maintaining
6   policies that allow such. These policies and custom are used by all defendants
7   in this claim. This act is continuing. The defendants either participated in the
8   act, were aware of the act and/or failed to intervene, and/ or were aware of the
9   act and failed to remedy.

10

11                                      **CLAIM II**

12  90. Defendants City of Santa Ana, Santa Ana Jail, Perez, Monreal, Jiron, and
13      Manriquez violated the Due Process Clause by knowingly and willingly failing
14      to provide me with legal assistance, preventing me from gaining legal
15      assistance, and failing to intervene in the violation of this right. Defendants
16      purposely prevented my access to the courts, prevented me from consulting
17      with my attorney, prevented me from obtaining medical and dental care, as well
18      as pursuing litigation in regards to the claims made in this complaint. This act
19      is continuing. The defendants either participated in the act, were aware of the
20      act and/or failed to intervene, and/ or were aware of the act and failed to remedy.

21                                      **CLAIM III**

22  91. Defendants City of Santa Ana, Santa Ana Jail, Perez, Monreal, Jiron, Rivera,
23      Manriquez, and Orenelas committed violations of the California Tort of Sexual
24      Harassment by knowingly and willingly making sexual comments to me against
25      my will on multiple occasions and failing to intervene in this act or investigate

1   this act. This act is continuing.  The defendants either participated in the act,
2   were aware of the act and/or failed to intervene, and/ or were aware of the act
3   and failed to remedy.

4   ## CLAIM IV

5   92. Defendants City of Santa Ana, Santa Ana Jail, NAPHCARE, CC Nurse
6   Manager, Nurse RR, and Unidentified Medical Staff committed violations of
7   the California Tort Medical Malpractice. Defendants, at all times during the
8   incidents in this complaint, practiced medicine they are not licensed or trained
9   for, prescribed treatments and medications they are not licensed or trained for,
10  and/or made medical decisions that they are not licensed or trained for. This act
11  is continuing. The defendants either participated in the act, were aware of the
12  act and/or failed to intervene, and/or were aware of the act and failed to remedy.

13  ## CLAIM V

14  93. Defendants City of Santa Ana, Santa Ana Jail, and Perez violated my 14th
15  amendment right by knowingly and willingly sentencing me to disciplinary
16  detention and violated the Due Process Clause. This act is continuing. The
17  defendants either participated in the act, were aware of the act and/or failed to
18  intervene, and/ or were aware of the act and failed to remedy.

19  ## CLAIM VI

20  94. Defendants City of Santa Ana, Santa Ana Jail, and Perez violated my 14th
21  amendment right by knowingly and willingly placing me in administrative
22  segregation for more than a year without due process violating the Due Process
23  Clause. The defendants either participated in the act, were aware of the act
24  and/or failed to intervene, and/ or were aware of the act and failed to remedy.

## CLAIM VII

95. Defendants City of Santa Ana, Santa Ana Jail, Perez, Monreal, Manriquez, Jiron committed violations of the California Tort Negligent Supervision due to the negligent hiring, training, and supervision at all times mentioned in this complaint. This is a continuing act. The defendants either participated in the act, were aware of the act and/or failed to intervene, and/or were aware of the act and failed to remedy.

## CLAIM VIII

96. Defendants City of Santa Ana, Santa Ana Jail, NAPHCARE, Unidentified Medical Staff, and CC Nurse Manager committed violations of the California Tort Negligent Supervision due to the negligent hiring, training, and supervision at all times mentioned in this complaint. This is a continuing act. The defendants either participated in the act, were aware of the act and/or failed to intervene, and/or were aware of the act and failed to remedy.

## CLAIM IX

97. Defendants City of Santa Ana, Santa Ana Jail, NAPHCARE, Perez, Monreal, Manriquez, Jiron, Rodriguez, Supervisor Badge #2475, Rivera, Unidentified Medical Staff, and CC Nurse Manager committed violations of the California Tort Negligence at all times mentioned in this complaint. This is a continuing act. The defendants either participated in the act, were aware of the act and/or failed to intervene, and/or were aware of the act and failed to remedy.

## CLAIM X

98. Defendants City of Santa Ana, Santa Ana Jail, NAPHCARE, Perez, Monreal, Manriquez, Jiron, Rodriguez, Supervisor Badge #2475, Rivera are in a continued civil and criminal conspiracy with the intent of violating my

1    constitutional rights by using the overt acts mentioned in this complaint in the

2    "Statement of Facts". This is a continuing act. The defendants either

3    participated in the act, were aware of the act and/or failed to intervene, and/or

4    were aware of the act and failed to remedy.

5                          **<u>RELIEF REQUESTED</u>**

6    99. Compensatory damages, including general, punitive, and/or special damages,

7        according to proof and allowed by law.

8    100. Due to my ongoing and worsening medical and dental conditions, the court

9        grant my attached "Request to Proceed Without Prepayment of Filing Fees". I

10       am in imminent danger of serious injury.

11   101. Court assign me counsel to represent me for these matters.

12   102. The court issue a declaratory judgement to the defendants in regards to these

13       matters to ensure that they are aware of my constitutional rights and to ensure

14       those rights remain intact.

15   103. The court issue a preliminary injunction to ensure that I am receiving proper

16       medical and dental care as required by law, and to ensure my other rights related

17       to this complaint are intact.

18   104. The court assign a Special Master to investigate these matters and to ensure

19       all constitutional rights in regards to these matters are and continue to remain

20       intact.

21   105. The court grant my request for appointment of counsel and assign me a

22       Spanish speaking attorney.

23   106. The court appoint me a Spanish speaking translator.

24   107. The court allow me to amend this complaint if necessary to comply with the

25       law, and to allow me to amend at a later time when the other defendants and

26       claims can be identified.

1    108.  Any other relief the court deems necessary or that is allowed to me by law.

2                    **DEMAND FOR JURY TRIAL**

3    109. Plaintiff hereby demands a jury trial on all issues raised in this complaint.

4

5    110. I, ROBERTO LEVERON, PLAINTIFF, in the above entitled action, do

6         hereby reaffirm the above and swear the above to be true under penalty of

7         perjury.

8    x

9    x  Dated: 06-29-2022

10       ROBERTO LEVERON

11       PLAINTIFF

12

13

14

15

16

17

18

19

20

21

22

23

24

25

     ROBERTO LEVERON VS. CITY OF SANTA ANA, ET AL
     CASE #



Hasler
07/01/2022
US POSTAGE

RETURN
SERVICE
REQUESTED

Santa Ana Jail Correspondence

02314475-63001

ROBERTO LEVERON # 218596
SANTA ANA JAIL M 88
P.O. Box 22003
SANTA ANA, CA 92702

U.S. DISTRICT COURT
ATTN: PRO SE CLERK
255 East Temple St.
Suite TS-134
LOS ANGELES, CA 90012

LEGAL MAIL
RL 33N

RECEIVED
CLERK, U.S. DISTRICT COURT
JUL - 5 2022
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

7014 2970 0000 1110 4576



LEGAL MAIL

LEVTRON

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®